<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIE J. GRIFFIN, JR., TYLER ANDREW, and VICTOR LABOY, | : : : : | |
| Plaintiffs, | : : | Civil Action No. 06-4488 (RBK) |
| v. | : : | **O P I N I O N** |
| CHARLES SAMUELS, JR., Warden, and MR. MAYS, Associate Warden, | : : : : | |
| Defendants. | : : | |

**APPEARANCES:**

> Willie J. Griffin, Jr., <u>Pro</u> <u>Se</u>
> #04667-017
> Tyler Andrew, <u>Pro</u> <u>Se</u>
> #59355-066
> Victor Laboy, <u>Pro</u> <u>Se</u>
> #21802-038
> Federal Correctional Institution
> P.O. Box 7000
> Fort Dix, NJ 08640

**KUGLER**, District Judge

Plaintiffs, Willie J. Griffin, Jr., Tyler Andrew, and Victor Laboy, inmates at the Federal Correctional Institution, Fort Dix, New Jersey, have submitted this Complaint under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), and have asked the Court to allow them to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915. This requires the Court to determine whether Federal Rule of Civil Procedure 20 authorizes the joinder of these claims and

Dockets.Justia.com

plaintiffs and, if so, how to assess the filing fee required
under 28 U.S.C. § 1915(b).

### BACKGROUND[1]

Plaintiffs complain about the conditions of confinement at
Fort Dix.  They state that there is insufficient storage space,
they are harassed with room inspections, they are exposed to
second-hand smoke with an inadequate ventilation system, the
windows are too small, sanitation is inadequate with leaky pipes
and clogged drains, and they are overheated in the summer due to
the lack of ventilation.  Plaintiffs also complain that the
institution is overcrowded, and that there is a higher potential
for fighting due to the housing of inmates with foreign
deportees.  Finally, Plaintiffs argue that they are being denied
access to courts.

Plaintiffs state that they suffer physical and psychological
pain and suffering.  They ask for monetary and injunctive relief.

### ANALYSIS

Title 28 of the United States Code, section 1915 governs
proceedings in forma pauperis and imposes special limitations
with respect to in forma pauperis actions brought by prisoners.
Rule 20 of the Federal Rules of Civil Procedure governs
permissive joinder of parties and provides, in pertinent part,

---

[1] These facts are taken from the Complaint and are accepted
as true for purposes of this Opinion.

that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20. In <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied. <u>See</u> <u>Boriboune v. Berge</u>, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to

3

satisfy the financial incentive of the statute to deter frivolous prisoner actions.  See id. at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20.  See Wasko v. Allen County Jail, 2006 WL 978956 (N.D. Ind. April 12, 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. Jan. 30, 2006).  Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.  These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult.  A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233 at *4.

This Court finds the reasoning of these district courts persuasive.  Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult.

In addition, Plaintiffs here have asserted claims that require individualized screening pursuant to 28 U.S.C. § 1915(e)(2).  The adequacy of the claim alleged by each Plaintiff is dependent upon his individual need and the behavior of prison officials with respect to that individual Plaintiff. Joinder of their claims, however, would permit all Plaintiffs to avoid the risk of a "strike" under § 1915(g) if even one Plaintiff states a claim, because § 1915(g) imposes a strike only if the entire action is dismissed. For all of the foregoing reasons, joinder is not appropriate.

Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just." It would not be just merely to dismiss all but the lead Plaintiff from this case.  Instead, this Court will direct the Clerk to open a separate case for each of the other Plaintiffs in this action.  Each of the Plaintiffs will be granted leave to file an amended complaint asserting his individual claims.

Nothing in this Opinion should be construed as precluding any or all of the Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

## CONCLUSION

For the reasons set forth herein, this Court finds that joinder of Plaintiffs' claims under Rule 20 is not suitable. An appropriate Order follows.


S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

DATED: February 2, 2007